WO

ASH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Valetta Marie Campbell,

Plaintiff,

v.

Krystal Garza, et al.,

Defendants.

No.  CV 21-02231-PHX-2231-JAT (CDB)

**ORDER**

Pending before the Court is Plaintiff's Motion to Reopen Case (Doc. 8).

## I.    Background

On December 30, 2021, Plaintiff Valetta Marie Campbell, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Filing Fees.  By Order dated February 16, 2022, the Court noted that this was the second such action[1] that Plaintiff had filed related to her underlying state criminal proceedings,[2] and thus dismissed this case without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[3]  Judgment was entered the same day (Doc 6).

---

[1] *See* 21 CV-01761-PHX-JAT (CDB) (D. Ariz. 2021).  That action was dismissed on November 9, 2021.

[2] *See* Maricopa County Superior Court Criminal Docket (available at http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?case Number=CR2021-114989) (last visited April 11, 2022).

[3] The Court also found that the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because it was not clear whom Plaintiff had named as a Defendant or what claim(s) she had made against them.

On March 7, 2022, Plaintiff filed a Motion to Reopen Case (Doc. 8), which the Court construes as a Motion for Relief from Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.

**II.    Governing Standard**

Rule 60(b), which sets forth the grounds for relief from judgment, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment. *Id.*

"[A] party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Cmty. Dental Servs. v. Tani*, 282 3d 1164, 1168 (9th Cir. 2002). To show extraordinary circumstances, the party must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.*

The Court has reviewed Plaintiff's Motion, the Complaint, and its February 16, 2022 Order, and finds no basis to reconsider its prior Order or to reopen this case. Plaintiff has not demonstrated that she is entitled to relief under any of the provisions of Rule 60(b); indeed, she does not identify any particular portion of Rule 60 or explain why she is entitled to relief under Rule 60. Rather, her Motion largely repeats the arguments presented in her Complaint, which the Court has already determined to be barred by *Younger*. Accordingly, Plaintiff's Motion will be denied, and this action shall remain closed.

. . . .

**IT IS ORDERED:**

    (1)    Plaintiff's Motion to reopen Case (Doc. 8) is **denied**.

    (2)    This action must remain **closed**.

Dated this 15th day of April, 2022.

James A. Teilborg
Senior United States District Judge